# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2010

No. 09-10499
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON EUGENE GETACHEW,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-163-1

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Brandon Eugene Getachew pleaded guilty to possession with intent to distribute 50 grams or more of cocaine, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug-trafficking offense. *See* 18 U.S.C. §§ 922, 924; 21 U.S.C. § 841. He was sentenced, *inter alia*, to 211 months' imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pursuant to his conditional plea agreement, Getachew appeals the denial of his suppression motion. He maintains: Officers did not confront exigent circumstances when they entered his residence; the protective sweep was unlawful; and, the district court erred in admitting a firearm into evidence under the independent-source doctrine.

In reviewing denial of a suppression motion, findings of fact are reviewed for clear error; questions of law, *de novo*. *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir.), *cert. denied*, 130 S. Ct. 227 (2009). The facts underlying the denial are viewed in the light most favorable to the prevailing party—in this instance, the Government. *United States v. Runyan*, 290 F.3d 223, 234 (5th Cir. 2002). The district court's determinations of exigent circumstances and of sufficient danger to justify a protective sweep are factual findings reviewed for clear error. *E.g.*, *United States v. Troop*, 514 F.3d 405, 409 (5th Cir. 2008) (exigent circumstances); *United States v. Watson*, 273 F.3d 599, 603 (5th Cir. 2001) (protective sweep). Its application of the independent-source doctrine is reviewed in two parts: its conclusion that the subsequently-obtained search warrant was supported by probable cause without the tainted evidence is reviewed *de novo*; its determination of whether an illegal search motivated the procural of the warrant is reviewed for clear error. *United States v. Hassan*, 83 F.3d 693, 697 (5th Cir. 1996).

The district court did not clearly err in finding exigent circumstances. Officers arrived at Getachew's residence within minutes of being dispatched to a robbery in progress. They were told a victim had seen men inside the house with guns. The Officers were also told two cars fled the area, but they did not know whether other suspects were still in the house. When the Officers arrived, they found Getachew bound in flexicuffs.

Although Getachew contends the Officers should have relied on his statement that he did not believe anyone else was in the house, our court will not second guess the Officers' judgment in considering the risks involved. *See*

2

*United States v. Menchaca-Castruita*, 587 F.3d 283, 290 (5th Cir. 2009). Further, the residence's front door had been broken down; Getachew was still bound in flexicuffs; and, Getachew told the Officers that some of the robbers had gone up to the residence's second floor. In the light of the evidence, the district court did not clearly err in finding it was reasonable for Officers to enter the house.

Getachew asserts that the Officers' initial sweep of his residence was not conducted to protect the safety of police officers or others but to discover evidence of a crime. He concedes that his second contention—that the sweep was unlawful because it was not incident to arrest—is foreclosed by our precedent. *See United States v. Gould*, 364 F.3d 578, 584 (5th Cir. 2004) (en banc) ("[I]n the in-home context it appears clear that even without an arrest other circumstances can give rise to equally reasonable suspicion of equally serious risk of danger of officers being ambushed by a hidden person . . . .").

"The protective sweep doctrine allows government agents, without a warrant, to conduct a quick and limited search of premises for the safety of the agents and others present at the scene ." *United States v. Mendez*, 431 F.3d 420, 428 (5th Cir. 2005). As discussed *supra*, the Officers lawfully entered the residence for a legitimate law-enforcement purpose, and they had a reasonable, articulable suspicion that the area to be swept contained a person posing a danger to those on the scene. With one exception (a firearm observed in a kitchen drawer), the protective sweep was limited to a cursory inspection of only those spaces where a person may hide, and the sweep was concluded once the rooms in the residence had been checked. The district court did not clearly err in finding sufficient danger existed to justify a protective sweep.

The Officers did exceed the scope of the protective sweep by opening the above-referenced kitchen drawer, thereby observing a firearm. The district court, however, did not err in determining that the firearm was nevertheless admissible under the independent-source exception to the exclusionary rule. *See*

*Runyan*, 290 F.3d at 235.  The Officer who executed the warrant testified:  the warrant was based on the responding Officers' plain-view observations of scales and marijuana residue, as well as the very strong marijuana odor in the residence.  In addition, there was no reference to the firearm in the affidavit supporting the search warrant.  The Government therefore established: the Officers would have sought a warrant in the absence of the illegal search; and, the warrant would still have been issued because it was supported by ample probable cause.  *See id.*

AFFIRMED.